## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE TICE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Docket no. 2:08-cv-168-GZS |
| | ) |
| TAIWAN SHIN YEH ENTERPRISE CO., LTD., et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(2) by Defendant Taiwan Shin Yeh Enterprise Co. Ltd. ("TSYE") (Docket # 13). As explained herein, the Court GRANTS the Motion.

**I.   STANDARD OF REVIEW**

The personal jurisdiction of a federal court sitting in diversity is equivalent to that of a state court sitting within the forum. Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 712 (1st Cir. 1996). Thus, to establish personal jurisdiction over a defendant, the plaintiffs must demonstrate both that Maine's long-arm statute grants jurisdiction and that exercise of jurisdiction under the statute is consistent with the Due Process Clause of the United States Constitution. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002). Because Maine's long-arm statute is coextensive with the permissible exercise of personal jurisdiction under the Constitution, the due process inquiry controls in the present case. See 14 M.R.S.A. § 704-A; Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995).

There are two means of establishing personal jurisdiction over a defendant under the Fourteenth Amendment: general and specific jurisdiction. General personal jurisdiction is established upon a finding that a defendant has maintained "continuous and systematic contacts with a particular state," in which case personal jurisdiction exists as to "all matters, even those unrelated to the forum contacts." Reed & Reed, Inc. v. George R. Cairns & Sons, Inc., 519 F. Supp. 2d 148, 153 (D. Me. 2007) (citing Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999)). Absent general personal jurisdiction, the Court must assess its jurisdiction over a defendant in the context of the specific case and by examining a defendant's case-related contacts with the forum.

The First Circuit has instructed courts faced with a challenge to specific personal jurisdiction to look at three general factors:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995) (citations omitted).[1] "An affirmative finding on each of the three elements is required to support a finding of specific jurisdiction." Phillips Exeter Acad., 196 F.3d at 288. Nonetheless, "a failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness: the gestalt factors come into play only if the first two segments of the

---

[1] The "Gestalt factors" include:

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

Id. at 1394.

test for specific jurisdiction have been fulfilled." Sawtelle, 70 F.3d at 1394 (citations omitted).

Ultimately, it is Plaintiffs' burden to prove that personal jurisdiction exists in a given forum. Id. at 1387. Under the commonly employed prima facie standard, the Court considers "only whether the plaintiff[s] [have] proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). In making this showing, "[p]laintiffs may not rely on unsupported allegations in their pleadings, but are obliged to adduce evidence of specific facts." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (internal citations and quotations omitted). The Court accepts sufficiently supported facts as true and views them in the light most favorable to Plaintiffs. Daynard, 290 F.3d at 51. The Court must also accept as true any uncontested facts put forward by a defendant. Id. In accordance with this standard, the Court sketches the relevant factual background below.

## II. BACKGROUND

Defendant TSYE is a Taiwanese corporation that manufactures patio furniture, which it then sells to retail stores. Plaintiffs' claims against TSYE arise out of an accident in June 2002 in which Plaintiff Katherine Tice was injured when her head and face were hit by the collapsed canopy of a backyard swing. As alleged in the Complaint, the swing was purchased by Dana Tice at the Wal-Mart Store in Oxford, Maine and the swing canopy was designed by TSYE. Plaintiffs assert the following claims against TSYE: (1) Strict Liability (Count One), (2) Negligence (Count Two), (3) Breach of

3

Warranty (Count Three) and (4) Violations of the Maine Unfair Trade Practices Act (Count Four).[2]

TSYE does not have any offices or employees in the State of Maine. To the extent that Plaintiffs have proffered various internet research on TSYE in connection with opposing the pending motion, it is noteworthy that all of the research lists only addresses and contact numbers that are located in Taiwan. (See Pls.' Exs. A-D (Docket # 17-2).) TSYE is not licensed to do business in Maine and does not have a registered agent in Maine. TSYE does not have any distribution networks or marketing that targets the State of Maine and has "no evidence" that it "has ever shipped goods directly into the State of Maine." (Lin Decl. ¶16 (Docket # 14-2).)

It does appear that TSYE distributes its patio furniture products to multiple chain stores, including Costco, Lowes, Target and Wal-Mart.[3] Many of these chains have multiple stores in Maine. However, TSYE did not actively seek out any distributor that serves the State of Maine and it has no records that track whether the products purchased by its various chain store distributors have been resold into the State of Maine. (See Lin Decl. ¶¶ 9, 17-20 (Docket # 14-2).)

Plaintiffs attempt to bolster their jurisdictional evidence by showing that TSYE has multiple United States patents. (See Pls.' Ex. K (Docket # 17-2).) Plaintiffs also proffer evidence that TSYE was named as a third party defendant in a case brought in the United States District Court for the Southern District of Illinois captioned: Ronat v.

---

[2] In Counts Six though Twelve, Plaintiffs assert similar claims against Wal-Mart Stores and Meredith Corporation/Better Homes and Gardens, the other two named Defendants.

[3] As part of its distribution relationship with Wal-Mart, TSYE has named Wal-Mart as an additional insured on an insurance policy obtained from AIG, an American insurer. (See Saksen Aff. ¶15 (Docket # 17-2).)

4

Martha Stewart Omnimedia, Inc., Docket No. 3:05-cv-520-GPM. Attorney Saksen's affidavit with respect to this lawsuit states: "Researching available resources revealed that TSYE was not released for personal jurisdiction reasons." (Saksen Aff. ¶ 18 (Docket # 17-2).)[4]

Plaintiffs also proffer that TSYE has a relationship with an entity doing business as TSY Services, LLC. There is evidence that TSY Services, LLC accepted at least one shipment of goods from TSYE in January 2006. TSY Services, LLC maintains a customer service center in California and can be reached by phone from Maine. However, it is not clear that TSY Services, LLC could or would provide service or replacement parts for the swing that is the subject of this action. (See Vachon Aff. ¶¶ 2-9 (Docket # 17-3).)

### III. DISCUSSION

#### A. General Jurisdiction

The Court first briefly dispenses with Plaintiffs' argument that there may be general jurisdiction over TSYE in Maine. In short, even the most generous reading of the record does not make a prima facie showing that TSYE has continuous and systematic contacts with Maine. While the Court also does not find a basis for piercing the veil of TSY Services, LLC or otherwise imputing any contacts of TSY Services, LLC to TSYE, the Court notes that Plaintiffs have not shown that TSY Services, LLC has continuous and systematic contacts with Maine that would justify the exercise of general personal jurisdiction.

---

[4] Notably, the Court's own brief review of the publicly available PACER docket for this case indicates that while TSYE was named as one of multiple third party defendants, TSYE did not enter an appearance in the case and service was never completed. (See Docket #s 187 & 216 in Ronat v. Martha Steward Omnimedia, Inc., Docket No. 3:05-cv-520-GPM.) In short, there is no evidence provided by Plaintiffs or appearing on the docket that suggests TSYE actually appeared in this action.

Plaintiffs appear to press for general jurisdiction on the basis that TSYE continuously and systematically places patio furniture into the stream of commerce by selling its products to chain stores, such as Wal-Mart, that maintain nationwide distribution networks. However, this "stream of commerce" theory is not a basis upon which the Court can find general personal jurisdiction in Maine. See, e.g., Alers-Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84-85 (1st Cir. 1997); Killion v. Commonwealth Yachts, 421 F. Supp. 2d 246, 257 (D. Mass. 2006) (noting that the First Circuit "has rejected that theory"). In short, there is no evidence suggesting that TSYE engages in continuous and systematic activity anywhere outside Taiwan, including in the State of Maine. See, e.g., Harlow v. Children's Hosp., 432 F.3d 50, 64-66 (1st Cir. 2005); Tom's of Maine v. Acme-Hardesty Co., 565 F. Supp. 2d 171, 178 (D. Me. 2008). Therefore, the Court turns its attention to considering whether there is a basis for specific personal jurisdiction.

**B. Specific Jurisdiction**

The less-stringent standard for specific personal jurisdiction first requires the Court to consider whether Plaintiffs' claims directly arise out of, or relate to, the TSYE's forum-state activities. To the extent TSYE can be said to have engaged in activities in Maine by supplying an allegedly defective swing to Wal-Mart that Wal-Mart, in turn, sold in Maine, the Court assumes the relatedness prong is satisfied. See Tom's of Maine, 565 F. Supp. 2d at 182; Amburgey, 2007 WL 1464380 at *2 (D. Me. May 17, 2007) (both finding the relatedness prong satisfied by manufacturing a product that reached Maine and caused injury in Maine).

The Court next considers whether TSYE's contacts represent a purposeful availment of the privilege of conducting business in Maine, thereby invoking the benefits and protections of Maine's laws and making the defendant's involuntary presence before Maine's courts foreseeable.  The record is quite simply devoid of evidence that supports a finding that TSYE engaged in voluntary and foreseeable contact with the State of Maine. At best, there is some evidence that supports finding that TSYE has purposefully availed itself of doing business in the United States generally.  However, such a finding does not satisfy the purposeful availment prong.  See Amburgey, 2007 WL at *7 (explaining that purposeful availment cannot be satisfied by contacts with the United States generally). The Court similarly finds no support for concluding that TSY Services, LLC has purposefully availed itself of the privileges of doing business in Maine.[5]

In the absence of finding purposeful availment, the Court need not proceed to consider the Gestalt factors and the overall reasonableness of exercising personal jurisdiction over TSYE.  Nonetheless, the Court notes that there would be a substantial burden placed on this Defendant by requiring it to appear before this Court.  Therefore, the Court would be hard-pressed to it find that exercising personal jurisdiction over this Taiwanese company comports with fair play and substantial justice.

### C. Request for Jurisdictional Discovery

In the alternative, Plaintiffs request jurisdictional discovery to develop additional facts. (See Pls.' Response (Docket # 17) at 20.)  The First Circuit has stated that "diligent plaintiff[s] who sue[] an out-of-state corporation and who make[] out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of

---

[5] The Court reiterates that even if there were a basis for finding purposeful availment by TSY Services, LLC, it would not impute that finding to TSYE.  See, e.g., Tom's of Maine, 565 F. Supp. 2d at 181-182.

jurisdictional discovery if the corporation interposes a jurisdictional defense." Swiss Am. Bank, Ltd., 274 F.3d at 625.  In addition, Plaintiffs must have been diligent in preserving their rights to jurisdictional discovery, which includes "the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." Id. at 626.

Plaintiffs have failed to provide facts that show why jurisdiction in Maine would be found with discovery.  Plaintiffs' proffer is limited to vague assertions related to TSYE's nationwide distribution via chain stores and a relationship with TSY Services, LLC, which is based in California.  Given the dearth of contacts that TSYE maintains with Maine, discovery is unlikely to be useful in establishing jurisdiction.  Thus, the Court exercises its "broad discretion to decide whether discovery is required" and denies Plaintiffs' request.  Id.; see also Tom's of Maine v. Acme-Hardesty Co., 247 F.R.D. 235, 239-43 (D. Me. 2008).

**IV.　CONCLUSION**

For the reasons just stated, the Court GRANTS the Motion to Dismiss Pursuant to Rule 12(b)(2) by Defendant Taiwan Shin Yeh Enterprise Co. Ltd. (Docket # 13).

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 15th day of April, 2009.